UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DOUGLAS A. BARNARD,**

     Plaintiff,

vs.            CASE NO.

**NORTH AMERICAN CREDIT SERVICES,
INC.** (a foreign corporation),

     Defendant.
_____/

**COMPLAINT
JURY TRIAL DEMANDED**

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3. Plaintiff, DOUGLAS A. BARNARD, is a natural person, and citizen of the State of Florida.

4. Defendant, NORTH AMERICAN CREDIT SERVICES, INC., is a foreign corporation and citizen of the State of Tennessee with its principal place of business at 2810 Walker Road, Chattanooga, TN 37421.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

9. Defendant left the following messages on Plaintiff's voice mail on his telephone on or about the dates stated:

> April 4, 2011 at 11:33 a.m.
> "If you are that person press the number one on your telephone to receive the message. If that person is home and can come to the phone, press two. If they are not home, press three. If I have the wrong number, press four. To repeat these choices press the star key. Please have Douglas Barnard call our office during business hours for a message concerning important personal business the telephone number is 800-467-5654 again the number is 800-467-5654 who ever returns this call should refer to reference number 7012058A again the reference number is 7012058A. If you are Douglas Barnard press one on your telephone to receive the message. Thanks for delivering the message it is important. Goodbye. To repeat this information press the star key."

<u>April 11, 2011 at 3:26 p.m.</u>
"If you are that person press the number one on your telephone to receive the message. If that person is home and can come to the phone, press two. If they are not home, press three. If I have the wrong number, press four. To repeat these choices press the star key. Please have Douglas Barnard call our office during business hours for a message concerning important personal business the telephone number is 800-264-5654 again the number is 800-264-5654 who ever returns this call should refer to reference number 7015480A again the reference number is 7015480A. If you are Douglas Barnard press one on your telephone to receive the message. Thanks for delivering the message it is important. Goodbye. To repeat this information press the star key."

10. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

11. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006).

12. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

13. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of this Complaint.

14. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone

dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C s 227 (b)(1)(A).

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

17. Plaintiff incorporates Paragraphs 1 through 16 as set forth above.

18. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

19. Plaintiff incorporates Paragraphs 1 through 16 as set forth above.

20. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6).  See *Dokumaci v. MAF Collection Servs.*, 2011 U.S. Dist. LEXIS 22390 (M.D.Fla. Mar. 4, 2011); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D.Ga. 1982); *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D.Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

21. Plaintiff incorporates Paragraphs 1 through 16 as set forth above.

22. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C

§1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D.Cal. 2007).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

### COUNT IV
### ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

23. Plaintiff incorporates Paragraphs 1 through 16 as set forth above.

24. Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit;

   c. A declaration that Defendant's practices violate the FCCPA;

d. Permanently enjoining Defendant from engaging in the complained of practices; and

e. Such other or further relief as the Court deems proper.

## COUNT V
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff incorporates Paragraphs 1 through 16 as set forth above.

26. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff MICHAEL ZUPPA prays that this Court:

a. Declare that Defendant's debt collection practices violate the TCPA;

b. Permanently enjoin Defendant from engaging in the complained of practices;

c. Enter judgment in favor of Plaintiff, MICHAEL ZUPPA, and against Defendant, for actual and statutory damages as provided by 42 U.S.C. 227(b)(3); and

d. Grant such further relief as this court deems just, equitable, and proper.

## **JURY DEMAND**

27. Plaintiff demands trial by jury.

        THE CONSUMER RIGHTS LAW GROUP, PLLC

By:   /s/ James S. Giardina
      James S. Giardina, Esq.
      *Trial Counsel*
      FBN: 0942421
      3104 West Waters Ave., Suite 200
      Tampa, FL 33614
      Tel: 813-413-5610 (direct)
      Fax: 866-535-7199
      *Attorneys for Plaintiff*